IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN O'DONNELL,

Defendant.

Criminal No. 18-080

ELECTRONICALLY FILED

**ORDER OF COURT**

Before the Court is a Motion filed by Defendant – through his attorney – requesting that the Court allow Defendant to withdraw his guilty plea. ECF 59. The Government filed a Response in Opposition to the Motion to Withdraw Guilty Plea. ECF 62. Defendant, *pro se*, subsequently filed a document which the Court had docketed as a Reply to the Government's Response. ECF 63. The matter is now ripe for disposition, and the Motion will be DENIED for the reasons that follow.

**I. Background**

On August 29, 2018, this Court held a status conference with Defendant, his counsel, Brian Aston, and the attorney for the Government. ECF 40. During this status conference, Defendant indicated to the Court that he wanted a new attorney. See transcript of status conference at ECF 57. Also, during this status conference, counsel for Defendant indicated that Defendant was facing a 15-year mandatory imprisonment sentence should he plead or be adjudicated guilty. Id.

The Court explained to Defendant that although he had a constitutional right to counsel, he did not have a constitutional right to an attorney who would tell him what he wanted to hear.

Id. In addition, when the Court asked Defendant if his attorney had been meeting with him regularly, he agreed that the meetings had occurred except for one month in the summer when counsel was away on a vacation. Id.

Next, the Court reviewed the trial deadlines with all those present at the status conference and explained to Defendant that the Court had no opinion as to whether Defendant pled to the crime(s) charged or if he went to trial on the matters. Id. The Court further explained that if Defendant waited until the eve of trial to plead guilty he would likely lose a point for early acceptance of responsibility. Id. After consultation with his attorney Defendant opted to return the next day, on August 30, 2018, to plead guilty to three of eight charges after entering into a plea agreement with the Government. Id.

On August 30, 2018, Defendant pled guilty to Counts 2, 7, and 8 of an eight-count indictment. On that date, Defendant was represented by his counsel, Brian Aston, and submitted a signed plea agreement. The three counts to which he pled guilty were: at Count 2, production, and/or attempted production of material depicting the sexual exploitation of a minor; at Count 7, distribution of material depicting the sexual exploitation of a minor; and, at Count 8, possession of material depicting the sexual exploitation of a minor. ECF 41-1. The plea agreement Defendant signed, also indicated that Defendant acknowledged responsibility for the conduct charged in Counts 1, 3, 4, 5 and 6 of the indictment, and that this Court was permitted to consider the conduct charged at those Counts, when calculating the guideline range and imposing sentence. Id.

During the August 30, 2018 change of plea hearing, Defendant was placed under oath, and then was asked if he understood that having been sworn, his answers to the Court's questions were subject to the penalties of perjury or making a false declaration if he did not answer

truthfully.  The Court also detailed all of the rights, one by one, that Defendant would forego by pleading guilty to each of the three felony crimes.  The Government's attorney was asked by the Court to define each of the elements for each of the three crimes to which defendant was pleading guilty, and had the attorney outline the evidence that the Government would use at trial to prove Defendant had committed each of the three offenses.

After the Government's attorney concluded her summary of the evidence, the Court again asked Defendant if he understood that his answers could later be used against him in a prosecution for perjury.  Defendant responded that he understood.  The Court next asked Defendant if agreed with the Government's summary of what he did.  Defendant agreed.

Seventeen days after this change of plea hearing, on September 17, 2018, Defendant filed his first *pro se* motion to withdraw his guilty plea.  He requested new counsel in this initial motion, and also asked this Court to recuse itself from his case.  ECF 46.  In response to this *pro se* motion, the Court ordered Defendant's attorney to meet with Defendant, face-to-face, to discuss the matters in Defendant's *pro se* motion and to either file a formal Motion to Withdraw Guilty Plea or a status report.  ECF 47.  The Court denied the remainder of the *pro se* motion without prejudice to refile after the face-to-face meeting occurred.  Id.

After meeting with Defendant, counsel for Defendant filed a status report (ECF 48) and the Court, based on the contents of the report, ordered that a new attorney be appointed to represent Defendant.  ECF 49.  Subsequently, a new attorney, Damien Schorr, was appointed to represent Defendant.  ECF 50.  Soon thereafter, Attorney Schorr filed a Motion to Continue Sentencing so he could meet with Defendant and consider whether or not to file a Motion to Withdraw Defendant's Guilty Plea.  ECF 53.  The Court granted Defendant's Motion to Continue Sentencing.  ECF 54.

The day after granting Defendant's Motion to Continue, Defendant – again acting *pro se* – filed his second Motion to Withdraw Guilty Plea. ECF 55. The Court denied as moot Defendant's second Motion to Withdraw Guilty Plea, noting that Defendant's new attorney, in paragraph 5 of his Motion to Continue Sentencing, had noted that he had requested a copy of status conference hearing transcript to assist him in considering the basis or bases upon which he could file a Motion to Withdraw Guilty Plea on behalf of Defendant. ECF 56.

Counsel for Defendant filed the instant Motion to Withdraw Guilty Plea. ECF 59. As noted above, the Government timely filed a Response in Opposition to the Motion to Withdraw Guilty Plea (ECF 62), and Defendant, acting *pro se*, filed another document which this Court has docketed as a "Reply" to the Government's Response, so that Defendant's own words in this matter may be considered as well as those of his counsel. ECF 63.

## II. Standard of Review

Once this Court accepted Defendant's guilty plea, Defendant was not entitled to withdraw that plea simply at his whim and pleasure. See *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001), *citing* United States v. Martinez, 785 F.2d 111 (3d Cir. 1986) ([G]uilty plea may not automatically be withdrawn at the defendant's whim.). Rather, pursuant to Federal Rule of Criminal Procedure 11(d)(2), Defendant must present a "fair and just reason" for withdrawing his guilty plea prior to sentencing.

When reviewing a motion to withdraw guilty plea, this Court must consider: (1) whether Defendant is meaningfully asserting his innocence; (2) the strength of his reasons for withdrawing his guilty plea; and (3) whether withdrawal of his guilty plea prejudices the

4

Government. *See United States v. Ho-Man Lee*, 664 Fed. Appx. 126, 127-28 (3d Cir. 2016), *citing United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003).

As this Court recently explained in greater detail *United States v. Daelon Hill-Johnson*, No. 17-cr-226, Doc. No. 59 (W.D. Pa. May 31, 2018):

> To satisfy the first factor, Defendant must make a credible showing of innocence, supported by a factual record. *Ho-Man Lee*, at 128. In analyzing the second factor, Defendant must provide "strong reasons," *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010), to justify withdrawing what has been described as a "solemn admission" of guilt. *Ho-Man Lee*, at 128, citing *United States v. Isaac*, 141 F.3d 477, 485 (3d Cir. 1998). With respect to the third factor, lack of prejudice does not warrant allowing the defendant to withdraw his guilty plea. *United States v. Ollie*, No. CR 12-09E, 2013 WL 1871385, at *7 (W.D. Pa. May 3, 2013), aff'd, 624 Fed. Appx. 807 (3d Cir. 2015).

**III. Analysis**

Defendant's Motion (ECF 59) sets forth seven arguments as to why he should be permitted to withdraw his guilty plea: (1) prior counsel coerced him into pleading guilty; (2) he was coerced into accepting an open plea agreement; (3) prior counsel's failure to appeal Defendant's Order of Detention limited his ability to prepare a defense; (4) he had limited communications with prior counsel, which led to ineffective assistance of counsel; (5) prior counsel failed to contact a key defense witness and indeed failed to respond to that witness's attempts to communicate with him; (6) that prior counsel failed to inform Defendant that resources were available to him to be used in his defense; and (7) at the time of his change of plea, Defendant was confused, under stress, subject to coercion and fear tactics, and rushed into pleading guilty on August 30, 2018.

None of these seven arguments attempt to establish that Defendant is innocent. Thus, the first *Jones* factor this Court must consider ("whether Defendant is meaningfully asserting his innocence") has not been met by Defendant. Moreover, during this Court's change of plea

colloquy the Court asked Defendant repeatedly if he still desired to plead guilty. After each instance, Defendant, himself, unequivocally reported to the Court he did desire to plead guilty to three counts of the eight-count indictment alleged against him. In addition, during the change of plea colloquy, the Court asked Defendant if he understood the rights he would give up by pleading guilty to three counts of the indictment, and the possible maximum sentence that could be imposed against him for his guilty plea. Defendant expressed more than once that he did understand.

Defendants seven arguments also fall woefully short of establishing the second *Jones* fact, *i.e.,* whether "strong reasons" exist to support his withdrawal of a guilty plea. Importantly, during the change of plea hearing, the Court asked the Government to recite each element of each offense to which Defendant was pleading guilty. The Government did so. The Court then asked the Government to summary what evidence the Government would present during a trial related to the three offenses to which defendant wanted to please guilty. The Government did so. The Court then asked Defendant if he agreed with the Government's summary of what he did. Defendant agreed, under oath, that the Government's summary was correct. Moreover, despite the fact that Defendant is currently asserting that his attorney was incompetent and/or failed to properly advise him before and during the change of plea hearing, the Court asked Defendant if anyone forced him to "in any way to enter a plea of guilty to these charges" and Defendant responded, "no." Finally, Defendant admitted that he was completely satisfied with your attorney's advice and representation, that his attorney had done everything Defendant had asked him to do, and that there was nothing his attorney di d that defendant believed the attorney he should not have done.

Because Defendant cannot meet his burden under the first two factors of the *Jones* analysis, the burden does not shift to the Government to prove that the withdraw of the guilty plea will prejudice the Government.

**IV. CONCLUSION**

Based on the foregoing law and analysis this Court finds that Defendant has failed to meet his burden of proving he is entitled to withdraw his guilty plea, and therefore, will DENY his Motion.

**ORDER OF COURT**

AND NOW, this 24th day of January, 2019, the Court hereby DENIES Defendant's Motion to Withdraw Plea of Guilty (ECF 59) and sentencing will proceed as previously scheduled for March 7, 2019 at 9:00 a.m. in Courtroom 7C. The Parties' Joint Status Report, Sentencing Memos, and any Motions are due on February 21, 2019.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge
                                                for the Western District of Pennsylvania

cc:     All ECF Registered Counsel of Record