IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-80 |
| JOHN O'DONNELL | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shanicka L. Kennedy, Assistant United States Attorney for said district, and respectfully submits this sentencing memorandum.

## I.    INTRODUCTION AND BACKGROUND

The National Center for Missing and Exploited Children (NCMEC) reported that on October 25, 2017, a Facebook user uploaded an image depicting the sexual exploitation of a minor to another Facebook user.  Western Pennsylvania Violent Crimes Against Children Task Force members initiated an investigation and determined that John O'Donnell (hereinafter "the Defendant") was the subscriber of the Internet protocol address used to upload the image.

On December 18, 2017, law enforcement obtained a search warrant for the Defendant's residence, which they executed on December 20, 2017.  During the search, they seized several electronic devices.  A forensic review of the devices revealed that on at least six (6) different occasions, the Defendant surreptitiously videotaped a 12 year-old minor female in the bathroom and/or getting in and out of the shower in his residence.  The Defendant edited some of the videos to focus on the minor's exposed genital area.

Additionally, law enforcement discovered 190 child pornography images on the Defendant's thumb drive.  On his desktop computer, law enforcement found 96 images depicting

the sexual exploitation of minors, some of which depict bondage.  When agents arrested the Defendant at his home, they located packaging for a hidden camera and other evidence connecting the Defendant to the charged crimes.

On March 21, 2018, a federal grand jury sitting in the Western District of Pennsylvania returned an eight (8) count Indictment against the Defendant charging him at Counts One through Six with Attempted Production and/or Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e); at Count Seven with Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(2); and, at Count Eight with Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(4)(B).

On August 30, 2018, pursuant to a plea agreement with the Government, the Defendant pled guilty to Counts Two, Seven and Eight of the Indictment and accepted responsibility for the remaining counts.  (Doc. 41, 43).  For the reasons stated more fully below, the Government requests that this Honorable Court sentence the Defendant at the top of the guideline range.

## II.    SENTENCING FACTORS

This Honorable Court must impose a sentence that is reasonable in light of the factors listed in Title 18, United States Code, Section 3553(a) (hereinafter the Section 3553(a) factors), which directs the Court to impose a sentence that is sufficient to account for each of the relevant Section 3553(a) factors, but that is not greater than necessary.

### A.  Nature and circumstances of the offense and the history and characteristics of the defendant.  (18 U.S.C. § 3553(a)(1))

1.  The Offense of Conviction

While supervising or otherwise responsible for the care of a 12 year-old minor female, the Defendant secretly videotaped the child when she was in the bathroom and had an expectation of

privacy.  To say that he violated her trust in one of the most inconceivable ways imaginable is an understatement.  As if videotaping the child was not egregious enough, the Defendant manipulated and edited the videos to focus on the child's genital area.  Despite engaging in such disturbing behavior towards the child, the Defendant took further steps to harass the minor child by attempting to communicate with her through a third party after he entered a guilty plea, which caused the Government to file a Motion for Protective Order.  (Doc. 79).  The Defendant's actions have been devastating for the minor victim.  Consequently, she just wants to put this matter behind her, so neither she nor her mother wish to provide victim impact statements.

What's more, the Defendant maintained a rather extensive collection of almost 300 images depicting child pornography materials on two separate devices, including the videos and images that he produced of the minor child.  The children depicted in those images are also victims of the Defendant's conduct.  Moreover, he uploaded at least one image to another user on Facebook. Several victim impact statements have been submitted for the Court's consideration that illustrate the impact that the Defendant's conduct has had on the victims of his offenses.  (*See* Addendum to PSR, Doc. 86).

Furthermore, Congress has explicitly recognized that child pornography is a "form of child abuse." *United States v. Boos*, 127 F.3d 1207, 1211 (9th Cir. 1997) (quoting S. Rep. No. 95-438 (1977)). When Congress passed legislation prohibiting the sexual abuse and exploitation of children through pornographic means, it understood that the children used in the production of child pornography were the primary victims.  *Id.*  Therefore, the victims of the Defendant's criminal conduct include not only the minor victim of his production offenses, but also the victims of his distribution and possession offenses.  As such, a high guideline range sentence is appropriate in this matter.

3

2.   History and Characteristics of the Defendant

Like many who are prosecuted for committing child exploitation crimes, the Defendant does not have a criminal history.  However, the Defendant's crimes are nonetheless serious and make him a danger to children and the community.  In fact, as previously stated, the Defendant secretly produced material depicting the sexual exploitation of a minor victim in his home. Accordingly, unlike many individuals prosecuted for sexual exploitation offenses, the Defendant violated a minor victim entrusted to his care.  While those closest to the Defendant describe him as a "kind", "courteous", and "noble man" "with high morals" (*See* generally Defendant's Letters of Support at Doc. 89), it is clear from the Defendant's crimes of conviction that those individuals are not aware of the types of dangerous activities that he engages in when he does not believe that anyone is watching him.

**B.   The need for the sentence imposed to effect enumerated goals, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2))**

The Defendant contributed to the global child pornography market by producing, searching for and collecting the images and videos depicting the victimization and exploitation of children found on his devices.  The Third Circuit discussed the prolonged harm that victims of child pornography can endure in *United States v. MacEwan*, 445 F.3d 237, 249-50 (3d Cir. 2006):

> Congress found that "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." *Id.* Moreover, Congress found little distinction in the harm caused by a pedophile, be he a distributor or mere consumer in child pornography, because the mere "existence of and traffic in child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." [Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-27 (1996) (codified as amended at 18 U.S.C. § 2251)].

4

Consequently, sentences in these cases must afford adequate deterrence to criminal conduct. "The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007). Child pornography offenses are most often committed in private settings that are remote from their victims. Such crimes are high-volume offenses that are drastically underreported. In fact, unlike most crime victims, the victims of child pornography offenses, while generally cognizant of the trafficking and collection of their sexual abuse images are not able to report the time or location of these crimes to the police. The Defendant's sentence should, therefore, not only deter the Defendant from engaging in further criminal behavior, but also deter others from committing similar offenses.

**C.** **The kinds of sentence available and the sentencing range established for the category of offense as set forth in the guidelines (18 U.S.C. §§ 3553(a)(3) and (4))**

The minimum term of imprisonment is 15 years at Count Two, and 5 years at Count Seven. (PSR ¶ 77). As detailed in the Presentence Investigation Report ("PSR"), based upon the Defendant's criminal history category of I, and offense level of 35, after acceptance of responsibility, his guideline imprisonment range, due to the statutorily authorized minimum sentence of 15 years, is 180 to 210 months. (PSR ¶ 42, 46, 78).

Additionally, restitution is mandated. The Government has received restitution requests from several of the victims whose images were distributed and possessed by the Defendant. Accordingly, the Government will address restitution separately.

**III.** **CONCLUSION**

O'Donnell's child pornography collection, including the materials that he produced, suggests that he has a sexual interest in children. The Defendant's use of a hidden camera to

5

produce some of the sexual exploitation materials in his possession is particularly disturbing. Likewise, his distribution and possession of graphic sexual images of children using the Internet is cause for serious concern. Accordingly, a top of the guideline range sentence in this case is sufficient, but not greater than necessary, to punish the Defendant, and to deter him and others from committing such crimes.

Respectfully submitted,
SCOTT W. BRADY
United States Attorney

/s/ *Shanicka L. Kennedy*
SHANICKA L. KENNEDY
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 644-3500 (Phone)
shanicka.kennedy@usdoj.gov